UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL TOWNSEND,

    Plaintiff,

v.                                        Case No. 4:21cv502-AW-HTC

CHARLES T. CANADY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Randall Townsend, proceeding *pro se*, initiated this action by filing a completely nonsensical 48-page complaint, naming as defendants a host of people, including Chief Justice Roberts and four judges in this District. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). For the reasons discussed below, the undersigned respectfully recommends this case be dismissed without prejudice for failure to comply with Court orders, failure to prosecute, and as frivolous.

**I.    PLAINTIFF'S FAILURE TO PROSECUTE**

Plaintiff commenced this action on December 20, 2021. ECF Doc. 1. Plaintiff's complaint was not on this Court's official forms, exceeded the page

limitation, and was not accompanied by a motion to proceed *in forma pauperis* or the Court's $402.00 filing fee.  On January 3, 2022, the Court ordered Plaintiff to correct these deficiencies.  ECF Doc. 5.  Plaintiff was advised his failure to comply with the order may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court.  *Id.*  Nonetheless, Plaintiff did not comply with the Court's order.  Thus, on January 21, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders.  ECF Doc. 6.  The time for Plaintiff to respond to the Court's show cause order has also passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion."  *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, Plaintiff has not filed anything with the Court since initiating this action almost two (2) months ago.  Thus, dismissal is also appropriate for failure to prosecute.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may

dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

## II.   PLAINTIFF'S COMPLAINT IS PATENTLY FRIVOLOUS

As an additional ground for dismissal, Plaintiff's complaint is patently frivolous. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise, and direct," Fed. R. Civ. P. 8(e)(1). As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Here, Plaintiff's complaint is nothing more than a rambling of irrational and disjointed phrases, which are void of any discernable claim. Plaintiff's complaint, for example, is riddled with phrases such as "to stop all ongoing proved admitted crimes and 'hate crimes' and 'treason acts'", "Roberts SCOTUS; co=conspirator violators", "BIBLE 'warnings' to Church Believers exposing 'false prophets' for 'false profits', Only Our Highest Power can align HIS Evidence in my exposing TRUTH", and "The Treason 'Trading with Enemies Act'". *See* ECF Doc. 1. Plaintiff also makes references to his "sovereign rights" as a "sovereign citizen." *Id.* at 4-5. There can be no doubt that Plaintiff's allegations fall considerably short of the requirements set forth in Rule 8. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)) (explaining that "clearly baseless" allegations include "allegations that are that are 'fanciful,' 'fantastic,' and 'delusional,'" or "rise to the level of . . . irrational or . . . wholly incredible."); *Morris v. Bush*, No. 108-CV-00208-MP-AK, 2008 WL 5231843, at *3 (N.D. Fla. Dec. 9, 2008), report and recommendation adopted, No. 1:08CV208/MP/AK 2008 WL 5231843, at *1 (N.D. Fla. Dec. 9, 2008) (dismissing Plaintiff's complaint as frivolous because Plaintiff's complaint included "conclusory allegations that [were] clearly removed from reality").

Accordingly, it is respectfully RECOMMENDED:

1. This action be dismissed without prejudice for Plaintiff's failure to follow court orders, failure to prosecute, and as frivolous.

2. The clerk be directed to close the file.

Done at Pensacola, Florida this 15th day of February, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.